FROHLICH *v.* BEECHER.

MECHANICS' LIENS — STATEMENT OF CLAIM — FAILURE TO FUR-
NISH—FORFEITURE.

A lienor who fails to furnish the owner with the statement of
his claim, provided by section 10717, 3 Comp. Laws, within
five days after demand, forfeits his lien, though the owner is
not prejudiced.

Appeal from Wayne; Donovan, J. Submitted Febru-
ary 10, 1905. (Docket No. 140.) Decided March 7, 1905.

Bill by Edward Frohlich against George L. Beecher
and Charles B. Ward to enforce a mechanic's lien. From
a decree dismissing the bill, complainant appeals. Af-
firmed.

The object of this bill is to enforce a mechanic's lien,
under chapter 296, 3 Comp. Laws. Defendant Beecher
was the owner of the premises on which the building was
erected. He made a contract with defendant Ward, giv-
ing him (Ward) the exclusive control of the lands, with
the privilege of selling them and erecting such a house
thereon as the purchaser might require. The contract
covered other lots besides the one here in controversy.
Beecher was to advance money at his own discretion for
the purpose of building the house. At the time the lien
was filed, Ward had assigned to Beecher all his right and
interest in the property. Complainant had a contract
with Ward "to get out the sash, doors, and inside finish
according to specifications and instructions given by him,
and was to receive a lump price for the entire work
covered by the bid." Subsequently Ward gave complain-
ant an order for glass, and another for paint. Ward
became embarrassed financially, and temporarily dis-

appeared. Complainant then filed a claim of lien. Immediately after serving notice upon the defendant Beecher of his claim of lien, Mr. Beecher, through his attorneys, demanded an itemized account, under section 8 of the lien law (section 10717, 3 Comp. Laws). No itemized account was received until about 10 months afterwards. Issue was duly joined, proofs taken, and the petition dismissed.

*Wilkinson & Younglove*, for complainant.

*Gray & Gray*, for defendant Beecher.

Grant, J. (*after stating the facts*). Section 8, above mentioned, provides:

"Each person claiming a lien as aforesaid shall, from time to time, whenever required by such owner, part owner, or lessee, or his agent, and within five days from demand thereof, furnish such person demanding the same, a written statement of the amount of work and materials furnished to date of statement, and then unpaid, as nearly as can then be ascertained, under penalty of a forfeiture of his lien."

It seems conceded that the above clause has never been construed by this court. The lien is created solely by the statute, and there must be a substantial compliance with its provisions in order to secure and maintain it. The law expressly requires the claimant to furnish a written statement of the work and materials which are the basis of his claim within five days after demand, and upon failure to serve such statement the lien is lost. The legislature can attach any requirements and provide any penalties it chooses to statutes of this character. It has very properly and in unmistakable language required the service of this written statement when demanded. In equally unmistakable language it has provided that the penalty for failure shall be the loss of the lien. It is no reply to this to say that the landowner has not been prejudiced by the failure

to comply with the statute. The claimant cannot excuse his failure to comply with the plain requirements of the law by raising that issue for the court to determine. The law does not provide for any such issue. The case is within the principles of *Sterner* v. *Haas*, 108 Mich. 488.

The decree is affirmed, with costs.

CARPENTER, McALVAY, MONTGOMERY, and HOOKER, JJ., concurred.