ROHDE *v.* WEINBERG.

MECHANICS' LIENS — STATEMENT OF CLAIM — DUTY TO FURNISH —
FORFEITURE.

> The failure of a lien claimant to furnish an itemized state-
> ment under section 10717, 3 Comp. Laws, does not operate as
> a forfeiture of said claims where all the statutory provisions
> had been complied with prior to such demand, and the bill of
> complaint, which had been filed and served upon defendant,.
> contained such statement. *Frohlich* v. *Beecher*, 139 Mich..
> 278, distinguished.

Appeal from Washtenaw; Kinne, J. Submitted Janu-
ary 7, 1909. (Docket No. 19.) Decided April 24, 1909.

Bill by William H. L. Rohde against Fred C. Wein-
berg and Harry W. McClure to enforce a mechanics'
lien. From a decree for complainant, defendant McClure.
appeals. Affirmed.

*Arthur Brown*, for complainant.

*Roscoe B. Huston*, for appellant.

MOORE, J. Defendant Weinberg had a contract to
erect a building for defendant McClure. The complain-
ant filed his bill of complaint to enforce a lien for mate-
rials and labor entering into the erection of the building.
From a decree in favor of complainant defendant McClure
has appealed.

The only question raised in the court below and by this
record is whether or not the lien of complainant was for-
feited by reason of his failing to furnish an itemized state-
ment of his account within five days after demand,
claimed to have been made upon him by defendant Mc-
Clure. The complainant and defendant are not agreed
as to what happened when it is claimed the demand was
made. In our view of the case, it is not necessary to at-

tempt to reconcile this conflicting testimony. The record shows that the labor and material were furnished in the summer of 1907, the last of it in October of that year. On November 22, 1907, the complainant filed in the office of the register of deeds his sworn statement, pursuant to the statute, and upon the same day served a copy of such statement upon the defendant McClure. On November 30, 1907, the bill of complaint was filed, and on the same day the subpœna to answer said bill of complaint was served upon defendant McClure. The bill of complaint contained an itemized account of the claim of the complainant.

It was after the subpœna was served upon him that defendant claims he made the demand upon which he bases his claim of forfeiture by reason of the provisions of section 10717, 3 Comp. Laws. The statute relating to liens commences with 3 Comp. Laws, § 10710. The various sections following give detailed directions as to how to create, maintain, and enforce the lien. Section 10712 provides when the lien shall hold the building. Section 10714 provides for the filing in the office of the register of deeds a statement of the lien. Section 10715 provides for the service of a copy thereof upon the owner. Section 10717 contains the provisions upon which defendant McClure bases his claims of a forfeiture. Section 10718 provides that "the several liens herein provided for shall continue for one year after such statement or account is filed in the office of the register of deeds," etc. Section 10719 provides: "Proceedings to enforce such lien shall be by bill in chancery under oath," etc. There is no claim that complainant did not comply with all the provisions of the statute up to this point, but it is claimed that, after the suit was begun and a subpœna served, defendant McClure made a demand for an itemized statement, and that, as it was not furnished within five days, complainant has lost his lien, though he had then followed all the provisions of the statute, and had filed his bill of complaint to enforce his lien. We think this construction

of the statute is too narrow and too technical. The provisions of section 10717 do not apply to the proceedings after the bill of complaint to enforce the lien has been filed and subpœna has been issued, as provided in section 10719.

The case is easily distinguishable from the case of *Frohlich* v. *Beecher*, 139 Mich. 278. In that case the demand for an itemized account was made immediately after the claim of lien was filed, and the itemized account was not furnished for 10 months thereafter. In the case at bar an itemized account was attached to the bill of complaint.

The decree is affirmed, with costs.

BLAIR, C. J., and GRANT, HOOKER, and MCALVAY, JJ., concurred.