WILLIAM MUNROE CO. *v.* SCHERER.

1. MECHANICS' LIENS—STATUTE—DEMAND FOR STATEMENT BEFORE COMMENCING SUIT.

Under the mechanics' lien law (3 Comp. Laws 1915, § 14803) requiring the person claiming a lien, whenever required by the owner, to furnish a written statement of the amount of work and materials furnished to date of statement, said demand must be made before the filing of the bill to enforce the lien.

2. SAME—FAILURE TO COMPLY WITH STATUTE.

Where the statement claimed to have been sent to the owner by the lienor did not comply with the provisions of the statute, the question of fact as to whether it was received by the owner is immaterial.

3. SAME—STATEMENT—FAILURE TO COMPLY WITH STATUTE—LAPSE OF LIEN.

Where the statement furnished by the lienor on demand of the owner was but a reiteration of the amount claimed to be due, and failed to itemize the materials so that

same could be checked up, it was not a compliance with the statute, and the circuit judge was justified in finding, in a suit to enforce same, that the lien had lapsed.

4. SAME—KNOWLEDGE OF OWNER DOES NOT RELIEVE LIENOR FROM REQUIREMENTS OF STATUTE.

The contention that, if the statute was not complied with, the personal knowledge possessed by the owner or by his agents relative to the amount of work and materials relieved the lienor from the duty of furnishing same is without merit, since the statute contains no such provision.

Appeal from Wayne; Mandell (Henry A.), J.   Submitted May 3, 1921.   (Docket No. 61.)   Decided July 19, 1921.

Bill by William Munroe Company against Hugo Scherer, the Gregg Hardware Company and others to enforce a mechanic's lien.   Defendant Gregg Hardware Company filed a cross-bill to enforce a lien. From a decree dismissing the bill and cross-bill, plaintiff and defendant hardware company appeal.   Affirmed.

*Welsh, Bebout & Kahn,* for appellants.

*Warren, Cady, Ladd & Hill,* for defendants.

WIEST, J.   In this suit plaintiff as a materialman seeks a decree enforcing a mechanic's lien.   The bill was filed against Hugo Scherer, the owner of the property, Jerry Wolf, contractor, and the Gregg Hardware Company and other materialmen.   Shortly after the bill was filed the owner of the property filed bonds with defendants Hugo Miller and John Bell, sureties thereon, to release the liens of the plaintiff and the Gregg Hardware Company.   Plaintiff then filed an amended bill making Miller and Bell parties defendant, and the Gregg Hardware Company filed an answer and cross-bill for the foreclosure of its lien. Subsequent pleadings were filed by the parties.   Settle-

ment of the claim of the Ternes Coal & Lumber Company has been made and that company is out of the case. At the hearing the circuit judge found that, after the liens of plaintiff and the Gregg Hardware Company had attached in due form, the defendant Scherer, the owner of the property, demanded of the lienors a written statement of the amount of work and materials furnished and then unpaid, in accordance with the statute, and that such demand was not complied with and thereby plaintiff's lien and that of the Gregg Hardware Company were forfeited and lapsed and dismissed the bill of plaintiff and the cross-bill of the Gregg Hardware Company. Plaintiff and the Gregg Hardware Company bring the case to this court by appeal. If the circuit judge was right in holding that the liens were lost by reason of the failure of the lienors to furnish the demanded statement then there is no occasion to pass upon the other questions raised.

The statute, 3 Comp. Laws 1915, § 14803, provides:

"Each person claiming a lien as aforesaid shall, from time to time, whenever required by such owner, part owner or lessee, or his agent, and within five days from demand thereof, furnish such person demanding the same, a written statement of the amount of work and materials furnished to date of statement, and then unpaid, as nearly as can then be ascertained, under penalty of a forfeiture of his lien." * * *

This demand must be made before the filing of the bill to enforce the lien. *Rohde* v. *Weinberg*, 156 Mich. 318.

The original bill was filed in this case February 8, 1918. In December, 1917, the owner made demand on both lienors for statements. There is no evidence that the Gregg Hardware Company furnished any statement. Plaintiff claims that a statement was mailed to the owner, defendant Scherer, but the owner and his secretary, defendant Hugo Miller, deny hav-

ing received it.   We may pass by this issue of fact
for the record contains a copy of the statement plain-
tiff claims was sent, and if it was not a compliance
with the statute then it is immaterial whether it was
received or not by defendant Scherer.

The statement claimed to have been mailed to de-
fendant Scherer was as follows:

"WM. MUNROE CO.
100 Scotten Avenue,
Detroit, Mich.

"Mr. JERRY WOLF,
282 E. Jeff.
Stores and Flats—Harper and Sheridan.
"Contract for sash, doors and finish (August 15th,
1917), $1,650.00."

Then follows a list of items of material furnished
from August 15th to October 25, 1917, termed extras
and amounting to $214.16, with a credit of $600 as of
September 7, 1917, and a claim of amount due of
$1,264.16.

Was this a statement of the amount of work and
materials furnished?   We think not outside of the
extras.   A statement of the amount of materials fur-
nished means something more than a statement of the
charge for materials furnished; it means character
of material and quantity furnished.   It is not in com-
pliance with the statute and of no benefit to the owner
for the lienor to serve a mere reiteration of the sum
claimed to be due in the statement of lien on file.   The
statement of the amount of materials furnished if
reasonably specific or itemized will permit the owner,
with such statement in hand, to check up the items
thereof in the structure and therefrom determine
whether the lien claimed is just.   The instant case
in this particular is ruled by *Frohlich* v. *Beecher*, 139
Mich. 278.

It is contended that in case we hold the statute was

not complied with by the plaintiff, then the personal knowledge possessed by the owner or by his agents relative to the amount of work and materials furnished relieved the lienors from the duty of furnishing a statement. We find no such excuse in the statute.

The decree entered below is affirmed, with costs to appellees.

STEERE, C. J., and FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred. MOORE, J., did not sit.