UNITED FUEL & SUPPLY CO. *v.* MANTEUFFEL.

1. MECHANICS' LIENS—AGENT OF LIEN CLAIMANT.

   Where a claim of lien by a company was filed by an agent, it may not be heard to say that demand upon said agent for a statement of the material furnished was not made upon the proper officer or agent of the company.

2. SAME — STATEMENT OF MATERIALS FURNISHED — FORFEITURE OF LIEN.

   An answer by the agent of the lien claimant, in response to a written demand for a statement of the material furnished, that on a certain date a letter had been sent explaining the entire situation, was not a compliance with 3 Comp. Laws 1915, § 14803, providing that upon demand a written statement of materials furnished and unpaid for shall be furnished under penalty of forfeiture of the lien.

[1,2,3]Mechanics' Liens, 40 C. J. § 199.

3. SAME—DEMAND FOR STATEMENT OF MATERIALS FURNISHED

The statute (3 Comp. Laws 1915, § 14803), requiring that demand for a statement of the material furnished be made, does not exact the use of any particular words beyond such as clearly show that such statement is requested.

Appeal from Wayne; Law (Eugene F.), J., presiding. Submitted April 5, 1927. (Docket No. 1.) Decided June 6, 1927.

Bill by the United Fuel & Supply Company against Max Manteuffel and others to foreclose a mechanic's lien. The Federal Terra Cotta Company was permitted to intervene and filed a cross-bill to foreclose a mechanic's lien. From a decree dismissing the cross-bill, defendant Federal Terra Cotta Company appeals. Affirmed.

*Douglas, Barbour, Brown & Rogers* (*V. E. Crossley,* of counsel), for appellant.

*Harry M. Stone,* for defendants Manteuffel.

WIEST, J. The Federal Terra Cotta Company, a New York corporation, filed a claim of lien for material furnished in the construction of a theater building. The United Fuel & Supply Company, also a lien claimant, filed a bill to enforce its lien. The Federal Terra Cotta Company, by "John Bowmiller, western manager," asked for and obtained leave to intervene in that suit as a lien claimant, and, by answer in the nature of a cross-bill, also signed by "John Bowmiller, western manager," set up its claim of lien. Max and Martha Manteuffel, purchasers of the premises under land contract, and for whom the theater building was being erected by the owner of the fee, by letter written by their attorney, requested a statement of the material furnished. The letter was sent to Mr. Bowmiller at his office in the city of Detroit and

received by him on or about January 24, 1925, as on that date he replied:

"that on Jan. 22d we sent you and Mr. Manteuffel a copy of a letter we sent to Mr. Chas. M. Ross (owner of the fee) that day which explains the entire situation,"

but furnished no statement.    In answer to the cross-bill of the Federal Terra Cotta Company, the demand for a statement and failure to furnish the same was set up by the Manteuffels as destructive of the lien. The circuit judge held that the demand for the statement was duly made upon the Federal Terra Cotta Company's agent, and failure to comply therewith forfeited the lien.    The Federal Terra Cotta Company appealed.    All other liens have been adjusted.

The statute (3 Comp. Laws 1915, § 14803) provides:

"Each person claiming a lien as aforesaid shall, from time to time, whenever required by such owner, part owner or lessee, or his agent, and within five days from demand thereof, furnish such person demanding the same, a written statement of the amount of work and materials furnished to date of statement, and then unpaid, as nearly as can then be ascertained, under penalty of a forfeiture of his lien."  *  *  *

Forfeiture in accordance with this provision of the statute has been decreed in the following cases: *Frohlich* v. *Beecher*, 139 Mich. 278; *William Munroe Co.* v. *Scherer*, 215 Mich. 26; *McClear* v. *McCain*, 227 Mich. 622.

It is contended that the demand for the statement was not made upon the proper officer or agent of the company; that Mr. Bowmiller had no authority to render such a statement; that his authority was limited to soliciting business as a salesman and he kept no records from which he could make a statement.    Mr. Bowmiller died some months before the hearing.    We think the company bound by the demand for a state-

ment served on Mr. Bowmiller, and that it must accept the consequence attending his failure to comply. The demand was before suit. Mr. Bowmiller, as agent, filed the claim of lien. The statute (3 Comp. Laws 1915, § 14800) permits a claim of lien to be filed by the claimant, his agent or attorney, and requires a just and true statement of the account or demand, and the time when materials were furnished, to be set forth and verified by affidavit. Certainly Mr. Bowmiller was acting as agent in filing the lien, otherwise no lien was filed. Again, he acted as agent in filing the petition for leave to intervene, and, upon leave, in filing the cross-bill to enforce the claim of lien. The Federal Terra Cotta Company has no right to be in court at all if Mr. Bowmiller did not so represent it as its agent possessing authority in the premises. Every step toward a lien and enforcement thereof was taken by Mr. Bowmiller, and his principal must accept all or reject all, and may not come into court by reason of his acts as agent in claiming the lien and not go out by reason of his act of omission causing a forfeiture of that very lien. The reply letter of Mr. Bowmiller was not a compliance with the demand for a statement. It is said the request was couched in too gentle language to constitute a demand. While the statute requires a demand to be made it does not exact use of any particular words beyond such as clearly show that a written statement of the work done and materials furnished to date of statement, and then unpaid, is requested. Forfeiture is a drastic penalty but the lien law is rigid on the subject and bars equitable considerations.

The decree in the circuit is affirmed, with costs to Max and Martha Manteuffel against the Federal Terra Cotta Company.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, CLARK, and McDONALD, JJ., concurred.