BOB RYAN, INC v WALKER DRYWALL COMPANY

Opinion of the Court

1. Mechanics' Liens—Statement of Claim—Prescribed Form—Notice—Statutes.

   The provisions of the mechanics' lien law are to be strictly construed, but where there is no prescribed form that a demand for a written statement of materials furnished must take, a letter from a defendant indicating where the property was located and directing the plaintiff's attention to a specific lien and demanding the statutory information was sufficiently clear to put the plaintiffs on notice (MCLA 570.8).

2. Mechanics' Liens—Statement of Claim—Effective Date—Period of Reply—Statutes.

   A demand by an owner for a written statement of materials furnished by one claiming a mechanic's lien is effective when it is received by the lienor; therefore, such a demand which was mailed by an owner prior to a prospective lienor's filing of notices of intention to claim a lien, but which was received after the notices were filed, was effective to give the lienor proper notice and to begin the statutory period for reply (MCLA 570.8).

Concurrence by O'Hara, J.

3. Mechanics' Liens—Statement of Claim—Failure to Furnish—Forfeiture.

   Forfeiture is a drastic penalty but the mechanics' lien law is rigid on the subject and bars equitable considerations.

Appeal from Livingston, Paul R. Mahinske, J. Submitted February 14, 1975, at Detroit. (Docket Nos. 20652, 20653, 20654.) Decided September 23, 1975.

Reference for Points in Headnotes
[1–3] 53 Am Jur 2d, Mechanic's Liens § 210.

Complaints by Bob Ryan, Inc., against Walker Drywall Company, Holly Hills Apartments, Group Building Company and Barnes Mortgage Investment Company for foreclosure of mechanics' liens. Judgments for defendants. Plaintiff appeals. Affirmed.

*Wells, Wilmoth, Keating & Nitz, P. C.* (by *Patrick J. Keating* and *Daniel J. Henry, Jr.*), for plaintiff.

*Ginn, Kramer & Jacobson, P. C.,* for defendants Holly Hills Apartments and Group Building Co.

Before: V. J. BRENNAN, P. J., and D. E. HOLBROOK, JR., and O'HARA,* JJ.

D. E. HOLBROOK, JR., J. Plaintiff furnished materials to Walker Drywall for two different building projects on which Walker Drywall was acting as a subcontractor. When it failed to pay the plaintiff for the materials, the plaintiff notified the various owners of its intentions to claim liens on the properties. Subsequently, these liens were filed at various dates. When plaintiff moved to foreclose its liens, the defendants argued the plaintiff had forfeited its liens by failing to make a timely reply to their demands for written statements of the amount of labor and materials furnished by the plaintiff. Based on this defense the trial court granted accelerated judgment for the defendant. Plaintiff appeals as of right.

The liens may be grouped into two groupings for convenience: the two filed prior to July 26, 1973, and the one filed subsequently. Plaintiff first notified Holly Hills that it intended to claim a lien on

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

June 10, 1973. On July 10, 1973, a lien was filed pursuant to the notice of intent. On July 26 Holly Hills sent plaintiff a demand for a statement of materials furnished. Plaintiff signed the certified mail receipt for the letter on July 30. No reply was made to the demand until September 14, 1973.

On July 9, 1973, plaintiff notified Holly Hills that it intended to claim a second lien for additional materials. A lien was filed pursuant to this notice on July 20. The written demand, the receipt thereof, and the reply thereto were made concurrently with the July 10 lien.

On July 19, 1973, plaintiff notified Group Building Co. and Barnes Mortgage Investment Co. that it intended to claim a lien on property owned by them. On July 26 the same attorney that was handling the liens on Holly Hill made a similar demand for a statement of materials furnished. On July 27 the lien was filed on this property. Plaintiff acknowledged receipt of the July 26 letter on July 30. As in the other two cases, the reply was made on September 14, 1973.

I

On appeal, plaintiff argues that the demand for the written statement in each case was not sufficiently clear to put the plaintiff on notice as to the information that the defendants desired. MCLA 570.8; MSA 26.288, requires:

"Each person claiming a lien as aforesaid, shall, from time to time, whenever required by such owner * * * or his agent, and within 5 days from demand thereof, furnish such person demanding the same, a written statement of the amount of work and materials furnished to date of statement, and then unpaid * * * under the penalty of a forfeiture of his lien."

The letters of demand that the defendants sent referred in each case to a notice of intention to claim a lien as of such-and-such date rather than to a lien of a given date.[1] The letters from the defendants to the plaintiff clearly are a demand for the statutory information if the letters comply with the statute.

It is a normal rule of construction in construing the mechanics lien law that the provisions of the statute are to be strictly construed, *Frolich v Beecher,* 139 Mich 278; 102 NW 736 (1905). However, unlike many other provisions of the lien laws, there is no prescribed form that such a demand must take.[2] All the statute requires is a statement that a demand is being made for the statutory information, *United Fuel & Supply Co v Manteuffel,* 239 Mich 190; 214 NW 191 (1927).

The letters that the defendants sent complied with the statute. Each letter indicated where the property was located. Furthermore, each letter directed plaintiff's attention to a specific lien, since each lien was derived from a specific notice of intention to claim a lien, and only one notice of intent was sent on a given day. The fact that the plaintiff was able to reply 40 days late without requesting additional information from the defend-

---

[1] For example:
"Re: Land located in the city of Howell
      Livingston County, Michigan

*    *    *

"In regard to a certain Notice of Intention to Claim a Lien dated July 9, 1973, a copy of which was served on Holly Hills Apartments, for materials and labor furnished to Walker Drywall Co. by Bob Ryan Inc. at the above site, a request is hereby made that you furnish Holly Hills Apartments written statements of the amount of material and labor furnished for this site to date of statement and the amount unpaid."

[2] MCLA 570.5; MSA 26.285, specifically describes the content of a lien form. MCLA 570.1; MSA 26.281, specifically describes the content of a notice of intention to claim a lien form.

ant indicates that the letters sufficiently informed the plaintiff as to the lien and property involved.

## II

The plaintiff also argues that the statute only requires a reply if the lien has been filed. It is the plaintiff's contention that one does not claim a lien until the lien is filed. This is a question of first impression in this state. However, we do not need to reach that issue. The plaintiff's liens pursuant to the June 10 and July 9 notices of intention to claim a lien are clearly covered by the statute since they were filed before July 26. Although the third lien was not created until July 27, it was filed on the same morning that the plaintiff signed the receipt for the letters from the defendants.

Before reaching plaintiff's issue of when one is claiming a lien it is necessary to determine the effective date of the letters of demand. Even though the letters were dated and mailed on July 26, they were not effective until the plaintiff received them on July 30. This is consistent with the rules for filing an answer to a civil complaint under GCR 1963, 108.1. To hold otherwise, especially in light of the short period for replying, could deprive the lienor of any opportunity to reply since it would be possible for the demand letter to be received after the period for reply had run. Indeed, in this case plaintiff did not receive the letters until four days after mailing. Given the statutory penalty for failure to comply, due process requires that the date be calculated from the date of receipt of the letter and not the date of mailing in order to give the lienor proper notice. *Cf. Mullane v Central Hanover Bank & Trust Co,* 339 US 306; 70 S Ct 652; 94 L Ed 865 (1950).

On the same day the plaintiff received the de-

mand, the third lien was recorded. Plaintiff knew that the lien had been created three days before and thus was outstanding. Thus on July 30, 1973, plaintiff was claiming a lien against the property owned by Group Building Co. and the plaintiff had a statutory duty to reply within five days.

Affirmed. Costs to appellee.

V. J. Brennan, P. J., concurred.

O'Hara, J. *(concurring)*. I am unable to distinguish this case from *United Fuel & Supply Co v Manteuffel,* 239 Mich 190; 214 NW 191 (1927), cited by Judge Holbrook.

I find the language of Mr. Justice Wiest controlling:

"Forfeiture is a drastic penalty but the lien law is rigid on the subject and bars equitable considerations." 239 Mich at 193.

On the foregoing ground solely, I feel obligated to concur in the result reached by Judge Holbrook.