PENINSULAR STOVE CO. *v.* CRANE.

1. MECHANICS' LIENS—STIPULATED FACTS—APPEAL AND ERROR.
   On appeal from a decree in favor of plaintiff in a suit to foreclose a mechanic's lien, the contention of defendant that there was no stipulation of facts, as recited in the opinion of the court below, *held*, without merit.

2. APPEAL AND ERROR—CHANCERY CASES HEARD DE NOVO—APPEAL BASED ON RECORD MADE IN LOWER COURT.
   Although in chancery suits the case is heard *de novo* on appeal, and reasons not urged in the lower court may be permissible, the appellate court is nevertheless hearing the appealed case on the record made in the court below.

3. MECHANICS' LIENS—STATEMENT OF LIEN—DESCRIPTION OF PARTY AS COPARTNERSHIP INSTEAD OF CORPORATION NOT FATAL.
   Where plaintiff contracted with a copartnership to install a heating plant in a dwelling house, and before the completion of the work the copartnership was reorganized as a corporation without notice to plaintiff, its lien was not invalid by reason of its statement that the party to whom the material and labor were furnished, as required by 3 Comp. Laws 1915, § 14800, was a copartnership instead of a corporation, in view of the fact that a copy of the statement was served on defendant, the owner of the fee title, within the statutory time.

4. SAME—WANT OF PARTIES NOT FATAL WHERE JUSTICE MAY BE DONE.
   An objection, not timely made, that the construction company, which had sold its interest to defendant, and one having a contract interest, which had been forfeited, should have been made parties to the suit to foreclose a mechanic's lien, will not defeat the lien, since the defect complained of does not preclude justice being done as between the parties in interest, the lienor and the owner.

Appeal from Wayne; Mandell (Henry A.), J. Submitted October 2, 1923. (Docket No. 4.) Decided March 5, 1924.

Bill by the Peninsular Stove Company against Charles S. Crane and others to foreclose a mechanic's lien.    From a decree for plaintiff, defendant Crane appeals.    Affirmed.

*Lucking, Helfman, Lucking & Hanlon,* for plaintiff.

*Hugh A. McCann,* for appellant.

STEERE, J.    This suit is for foreclosure of a mechanic's lien for material and labor furnished by plaintiff in performance of a contract with the Haley-Kennedy Construction Company to install a heating plant in a building the latter was erecting in 1917 on. Logan avenue in the city of Detroit.    The building was being constructed by the Haley-Kennedy Construction Company under a contract with George H. Elward (variously spelled in the record) and wife,. who originally owned the lot upon which the building contracted for was to be erected.    For furtherance of the building project they on June 29, 1917, gave a warranty deed of the lot to the construction company, which on the same date contracted to sell back the property to them with the completed building upon it.    The exact terms of that contract are not clearly shown, but defendant Crane elucidated the subject and his intervention in part as follows:

"He (Elward) paid $7,000 for the property; they gave him $1,350 credit for the lot, $1,300 or $1,350, and then he made two or three payments, and I think there was a balance at the time I took it over of something like $5,600, the amount of money I was putting in.    I was to get 10 per cent. and take over the deed subject to this contract—the property complete.    *   *   *    I could not say where that contract is.    When I went into this transaction I had faith in Haley-Kennedy.    *   *   *    They were to give me an assignment of the contract they had, to collect the money from Elward.    *   *   *    I also knew that

Elward once owned the lot and that he had deeded it to Haley-Kennedy Company for the purpose of having a house or a structure erected thereon and that he was to buy it back for a sum of a little over $7,000."

On July 20, 1917, the Haley-Kennedy Construction Company gave Crane a warranty deed of the property, free and clear of all incumbrances except a certain contract for sale thereof by Haley-Kennedy Construction Company to George H. Elward and wife, dated June 29, 1917. On July 11, 1917, the Peninsular Stove Company submitted a bid to the Haley-Kennedy Construction Company, then a copartnership, to install a heating plant in this building, which was accepted. On or about July 26, 1917, performance of the contract was commenced by plaintiff, and finished on November 3, 1917. In its agreement with Crane the Haley-Kennedy Construction Company was to finish the building "and did finish it as per plans and specifications," as Crane testified. The firm which by that name engaged to construct the building consisted of Robert B. Haley and Harry B. Kennedy, who filed a certificate of copartnership in the office of the Wayne county clerk on May 26, 1917, showing they were doing business as copartners under that name; but on July 9, 1917, they filed articles of incorporation under the same name, in the office of the Secretary of State, and in the office of the county clerk of Wayne county on July 16, 1917, showing that the incorporators were Robert B. Haley, Harry B. Kennedy and Elihu B. Day. On December 28, 1917, plaintiff filed its statement of account and claim of lien for the work done and material furnished with the register of deeds of Wayne county, and on January 4, 1918, served a copy of the same upon defendant Crane, the owner of record of the property against which the lien was filed. This suit was thereafter brought to enforce said lien, the amount claimed being $300 with interest at 5 per cent. from October 29, 1917. After the case was heard,

on September 23, 1920, briefs were filed by counsel and the case submitted. A written opinion was filed by the court and decree rendered on January 26, 1921, adjudicating a lien on said premises in favor of plaintiff amounting to $348.50 and foreclosure of the same was decreed as prayed for. Defendant Crane appealed.

A record of the case settled for appeal, certified in regular form by the trial judge who heard it, was duly filed in this court. It contained amongst other things the findings and opinion of the court on which the decree appealed from was based, and a signed "stipulation of counsel as to agreed facts upon appeal" as follows:

"It is hereby stipulated by and between the above Peninsular Stove Company, plaintiff, and Charles S. Crane, defendant, by their respective attorneys, that for the purpose of appealing the above entitled cause to the Supreme Court, for a determination of the rights of the respective parties herein, the following is a full statement of all material facts of the matter at issue.

"Dated at Detroit, Mich., this 15th day of November, 1921."

The opinion of the trial court introductorily states of the facts found, "It appears from the proofs and stipulated facts that," etc., of which it is said in defendant's brief, "there is nothing in the record that indicates any stipulation of facts." This contention is destitute of merit. Not only is the stipulation above quoted in the record, but it appears such claim was first squarely made in this court after return on appeal was filed. It was strenuously insisted that the trial court acted under a mistaken assumption that the facts found were stipulated while in truth they were not, and it was plausibly urged that defendant in all fairness was "entitled to have said record in the Supreme Court exactly as it was made and taken in

said circuit court." Without going into details it is sufficient to say that not being able to reconcile statements in affidavits of opposing counsel the case was remanded for an amended or further return, which was made.

From the record now before us it appears that on the hearing defendant, an attorney of 20 years' experience in the various courts of record, as he deposed, professionally conducted his own defense. When the case was called and counsel responded the court, as is frequently done to expedite the trial and reach the actual issues when experienced counsel represent parties in a case before the court without a jury, suggested:

"Perhaps it would be as well if one of you would make a statement of the facts, then the other side can state his, also. There should be a statement of facts of record."

No objection to this course being offered by either side, counsel for plaintiff proceeded with a statement of the nature of the case, who the parties were, how the controversy arose, various steps taken as shown by matters on file or of record, giving dates, telling where found, apparently referring to and reading from papers, on occasion answering or asking questions of defendant, who did not then or later during the trial question the correctness of those facts which appear in this record as undisputed, or stipulated. Although then given an opportunity by the court to do so, he made no further statement of the facts as attorney, nor did he when on the stand as a witness point out the inaccuracy of any statements by plaintiff's counsel as to the facts treated by court and counsel as stipulated. His testimony is confirmatory of some of them while others are alleged in the bill and admitted in the answer. The trial court certifies of this claim in the supplemental record returned as follows:

"After the hearing of said cause and prior to the filing of the opinion, plaintiff filed a motion for a decree and two briefs in support thereof, in all of which it was assumed that the statement of facts appearing in the record was stipulated to by both parties. In reply thereto the defendant, Charles S. Crane, filed a motion to dismiss the bill and a brief supporting the same, which papers consisted of a total of eight type-written pages, and in said motion and brief the said Charles S. Crane did not call my attention to any claim on his part that the plaintiff had failed to prove the elements of his case, nor that any of the essential facts appearing in the record were not properly proved by stipulation or proof.  *  *  *  On November 15, 1921, I signed the certificate to the record on appeal and certified that the 'case contains  *  *  * *a statement of the facts agreed to by opposing counsel'* (R. 32) and said certificate was presented to me for signature by the *attorney for said Charles S. Crane.*"

In the opinion of the trial court it is stated that defendant objected to the lien on two grounds:

"*First,* that at the time the lien was filed, the Haley-Kennedy Construction Company was a corporation, and it is stated in the lien that the Haley-Kennedy Construction Company was a copartnership; *secondly,* that the defendant, Crane, was not a party to the contract for the construction of the building, nor was he ever served with notice of the progress of the work."

Defendant states that three other grounds were in fact urged, but ignored by the court, only the two named being considered, and argues in his brief other points against the validity of the lien claimed to have been presented to the trial court. Aside from the statement in the court's opinion, the only mention we find in the printed record of the grounds of defense is defendant's statement to the court:

"But the defense is that they have filed this lien against the Haley-Kennedy Company, a partnership. I never had any transaction with them; all the dealings were with the Haley-Kennedy Company, a cor-

poration.  *  *  *  Another defense is that while we had a contract, so did Elward, and he was never served, and never made a party to the suit."

While it is said that in chancery suits the case is heard *de novo* on appeal and reasons not urged in the lower court may be permissible here, this court is nevertheless hearing the appealed case on the record made in the court below.  When plaintiff's bid was submitted to the Haley-Kennedy Construction Company on July 11, 1917, the latter was a copartnership doing business and engaged in performance of its undertaking to construct this building under that name.  While construction went forward plaintiff performed its subcontract according to its terms and the building was carried to completion "as per plans and specifications," apparently by plaintiff's copartnership contractee and without change of actual control so far as shown.  Its paper change from a partnership to a corporation standing alone, without change of name, place of business or other attending circumstances sufficiently obvious to attract plaintiff's attention and amount to actual notice, was not sufficient. *Overlock* v. *Hazzard,* 12 Ariz. 142 (100 Pac. 447).

"Those who have had dealings with and given credit to the partnership during its existence are entitled to personal or actual notice of its dissolution."    30 Cyc. p. 671.

"When persons have had dealings with the firm, such persons so dealing must have actual notice of the dissolution.    This is the general rule."    *Sibley* v. *Parsons,* 93 Mich. 538.

Our lien law requires the statement filed by those claiming a lien to state the time when the labor or material was furnished "and for whom," describe the property to be charged, and give the name of the owner, part owner, or lessee, if known, etc. (3 Comp. Laws 1915, § 14800).    When the lien was filed defendant's name stood upon the records as owner of

the fee title to this property, subject only to an outstanding land contract to Elward who defendant testified was in default and had left Detroit.   He had also lost track of Haley and Kennedy and believed they had deserted Detroit.   Under the circumstances shown here plaintiff's lien is not invalid by reason of its statement that the party to whom the material and labor was furnished was the Haley-Kennedy Construction Company, a copartnership.   A copy of the statement was also served on defendant as the owner of the fee title within the statutory time.

Defendant did not record his deed, admittedly received from the Haley-Kennedy Construction Company July 20, 1917, until September 13th following.   The notice to the owner required by the statute means the owner at the time a claim of lien is made (*Waters* v. *Johnson,* 134 Mich. 436), and service of notice of lien on the holder of the record title is good (*Mouat* v. *Fisher,* 104 Mich. 262), for he is presumptively the one most interested in the property against which the lien is asserted.

Section 14804, 3 Comp. Laws 1915, provides in part:

* * *   "Such liens shall take priority as follows: * * *   *Third,* They shall be preferred to all other titles, liens or incumbrances   * * *   which shall be either given or recorded subsequent to the commencement of said building or buildings, erection, structure or improvement."   * * *

"It is held that, under such a provision, liens attach as of the date of the commencement of the building, erection, or other improvement, regardless of the time when, or the person by whom, the particular work was done or the materials furnished for which a lien is claimed.   2 Jones, Liens (2d Ed.), § 1470." *Kay* v. *Towsley,* 113 Mich. 281.

This building was commenced before defendant became interested and acquired his deed to the property. He said that when he went up to look at it they had

the uprights raised, the roof on, the basement in and a garage built.    Defendant was not an innocent party, nor ignorant of what was going on in the construction of this building.    He knew the Haley-Kennedy Construction Company was erecting it on property which it held title to, and which it had contracted to sell to Elward at an agreed price, with the completed buildings upon it.    He made a deal with the construction company under which he states, "I was to take over the deed to the property subject to Elward's contract." He made payments on his purchase as the work progressed on the building.    He at the instance of the construction company furnished money to meet its pay-rolls and for material.    Check stubs which he produced show frequent payments by him for labor and material on this job during July and August.    He testified to inspecting the building during July, August and October, and says:   "I went up there from time to time while I was paying out my money."    He admitted the building was finished as per plans and specifications, and that he never at any time obtained a statement under the lien law from the builder.

When Elward deeded to the construction company it was a copartnership.    All title defendant has is from that source.    After reorganizing as a corporation the construction company continued business in the same name, completed the building, and conveyed the fee of this property to defendant.    Both he and it were estopped from questioning the validity of the lien by reason of the claimed reorganization without actual notice to plaintiff.

It is further urged that the construction company and Elward are necessary parties to the suit, which cannot be maintained because they are not before the court.    It has been held that the original contractor must be made a party defendant.    The Haley-Kennedy Construction Company is named as a party defendant in plaintiff's bill, but plaintiff made no proof of service

of process upon it either personally or by publication. Had timely objection been made to this in the lower court on proper grounds, the hearing might have been postponed until plaintiff had the case at issue or default as to all parties named as defendants in the bill.   Elward's contract was not recorded nor shown to have been actually known of by plaintiff.   Neither is he shown to be a necessary party for adjudicating the issues between plaintiff as lienor and defendant Crane, which plaintiff's counsel stated on opening the case was the purpose of the hearing, and defendant did not question at that time.   In *Miller* v. *Thompson,* 34 Mich. 12, this court said:

"It is to be observed, also, that the objection for want of parties was not taken by any pleading, but for the first time at the hearing.   At that stage of the case any defect that does not preclude a decree that does justice as between the parties, and fully determines the controversy as between them, should be overlooked.   *Payne* v. *Avery,* 21 Mich. 524."

The defect complained of does not preclude fully determining the controversy as between these parties nor a decree that does justice between them.

The decree of the lower court will stand affirmed, with costs to plaintiff.

CLARK, C. J., and McDONALD, BIRD, SHARPE, MOORE, FELLOWS, and WIEST, JJ., concurred.