PITTSBURGH PLATE GLASS CO. v. ART CENTRE APART-
MENTS.

1. EVIDENCE—PAROL EVIDENCE—WAIVER OF LIEN—AMBIGUOUS WRITING—INTENT—MECHANICS' LIENS.
    Where waiver executed by materialman providing for waiver of liens for materials furnished "at any time heretofore" bore two dates, it was ambiguous, and parol evidence was admissible to show intent of parties as to date it became effective.

2. MECHANICS' LIENS—WAIVER—CONSIDERATION.
    Where, on execution by materialman of waiver of lien for materials furnished to subcontractor, latter was paid substantial sum, there was consideration for waiver, although materialman was paid nothing on account.

3. CANCELLATION OF INSTRUMENTS—WAIVER OF LIEN.
    Carelessness or inadvertence on part of one executing written instrument does not justify courts in decreeing its nullification in whole or in part.

4. MECHANICS' LIENS—WAIVER OF LIEN—REVIVAL.
    Mechanic's lien once waived may not be revived in absence of express agreement binding upon those whose interests are adversely affected.

5. SAME—WAIVER OF LIEN BARS CLAIM.
  Where materialman executed waiver of lien for material fur-
    nished or delivered "heretofore or at any time hereafter," its
    claim of lien for material furnished should have been denied.

Appeal from Wayne; Jayne (Ira W.), J. Sub-
mitted January 20, 1931. (Docket No. 43, Calendar
No. 35,379.) Decided February 27, 1931.

Bill by Pittsburgh Plate Glass Company, a Penn-
sylvania corporation, against Art Centre Apart-
ments, Inc., a Michigan corporation, and others to
foreclose a mechanic's lien.. Cross-bill by defendants
Robert and Otto Ernst, doing business as Ernst Fuel
& Supply Company, to foreclose a mechanic's lien.
Decree for plaintiff and cross-plaintiffs is reviewed
by defendant on appeal. Decree for plaintiff af-
firmed. Decree for cross-plaintiffs reversed.

*John McNeil Burns* (*Cyril E. Bailey,* of counsel),
for plaintiff.

*Butzel, Levin & Winston,* for cross-plaintiff.

*Behr & Coolidge,* for defendant.

NORTH, J. Plaintiff's bill was filed to foreclose a
materialman's lien on property owned by the Art
Centre Apartments, a Michigan corporation. The
defendants Ernst, doing business as the Ernst Fuel
& Supply Company, by cross-bill, also seek to fore-
close a lien for materials furnished. The Art Centre
Apartments, hereinafter referred to as the defend-
ant, has appealed from a decree fixing the amount
and allowing foreclosure of the foregoing liens. De-
fendant contends plaintiff's lien was allowed in an
excessive amount, and that the Ernst lien should be
wholly disallowed.

*Pittsburgh Plate Glass Company's Lien.* On three occasions the glass company executed releases of its claim of lien; and the controversy presented involves a determination of the force and effect to be given to these releases. The total amount of plaintiff's account for materials furnished to one of the contractors on this work is $5,650.78. It acknowledges payment on account of $2,800 and claims a lien for the balance, $2,850.78. This claim was allowed by the circuit judge together with interest and costs, making a total of $3,413.49.

Plaintiff's first waiver or release was dated October 28, 1926, and it covered all materials supplied to the contractor to that date. Incident to this release plaintiff received $800 on account. Plaintiff's second release bore date of December 24, 1926. By this instrument, in consideration of $2,000 to be paid on its account, plaintiff stipulated: "we do hereby *partially* waive, release and relinquish any and all claims or right of lien which we now have or which may hereafter accrue upon the premises," etc. This release was made in anticipation of and for the purpose of securing a payment in the form of a promissory note of $2,000 on plaintiff's account. It also appears from the record that on this same date defendant's agent, who had charge of payments on construction accounts, prepared and submitted to plaintiff a waiver of lien known in this record as Exhibit 8. This waiver provided for a full release by plaintiff of all claim of lien for materials theretofore furnished or that might thereafter be furnished. Plaintiff struck this provision out, and in lieu thereof inserted a provision that it covered "partially" materials furnished "up to and including Nov. 25, 1926." Defendant's agent refused to accept this waiver and withheld delivery of the

$2,000 note. Thereafter, and on January 17, 1927, plaintiff executed and delivered to the property owner's agent another release of lien, Exhibit 6. This waiver, like the others, was prepared by filling in blanks on a printed form. On the date line at the top Exhibit 6 reads: "Detroit, Michigan, November 26th, 1926." On the date line at the bottom it recites its execution on "this 17th day of January A. D. 1927." It provides for a waiver of lien for materials furnished "at any time heretofore" and just following this provision the expression "or at any time hereafter" is stricken out. Simultaneously with the execution and delivery of Exhibit 6, defendant prepared and took from plaintiff an agreement (Exhibit 7) to accept the $2,000 note as the equivalent of cash; and it is therein recited that plaintiff has received on account $800 in cash and the $2,000 note, totaling $2,800, "to the extent of which the undersigned (plaintiff) hereby waives all lien against said buildings and premises."

It is defendant's contention that Exhibit 6 unambiguously and conclusively recites its execution and delivery on the 17th of January, 1927, and constitutes a release of claim of lien by plaintiff for all materials furnished to that date. Defendant contends that this instrument became effective on the date of its delivery, and that because it is unambiguous its terms cannot be varied by extraneous testimony. If this contention were sustained plaintiff's lien for materials furnished after January 17, 1927, would amount to only $333.30.

On the other hand, plaintiff contends that because of its being dated both as of November 26, 1926, and as of January 17, 1927, Exhibit 6 is ambiguous, and its effective date may be explained by and determined from competent testimony. It further contends this instrument was executed simultaneously

with Exhibit 7 and the two instruments are part of the same transaction, and should be construed together.   They were delivered simultaneously with the note for $2,000 (which is a part of the $2,800 payment acknowledged in Exhibit 7) dated December 24, 1926.  Plaintiff claims that the $2,800 specified in Exhibit 7 in round numbers paid its account in full to November 25, 1926, that the parties so understood the transaction and that from all the circumstances disclosed its waiver of lien should be held to cover only $2,800 of its account, and it should be decreed to have a lien for the balance, amounting to $2,850,78 together with accrued interest and costs. The circuit judge sustained plaintiff's contention and decreed a lien in the amount of $3,413.49.  Under the circumstances of this case we think the waivers of lien should be held to be cumulative, that the waiver, bearing two different dates (Exhibit 6), is ambiguous, and that the evidence sustains plaintiff's contention as to the proper construction to be placed thereon.   As to the Pittsburgh Plate Glass Company's lien, the decree of the lower court is affirmed, with costs of this court to plaintiff; and the decree of this court will also run against appellant's surety.

*Ernst Fuel & Supply Company's Lien.*  This cross-plaintiff, a copartnership, furnished materials to Ralph Dupont, the plastering contractor.  Dupont did not complete his contract.  When he left the job he owed the Ernst company on this account $2,500. Thereafter the Ernst company furnished additional materials to the amount of $1,488.73 direct to the owner, but they were all billed to Dupont.  The circuit judge decreed a lien to the copartnership in this latter amount with accrued interest and costs.

Defendant claims this cross-plaintiff expressly waived its right to a lien.  The record discloses that subsequent to the furnishing of the first materials

by this copartnership, and on August 10, 1926, it executed and delivered to defendant's agent a waiver of lien in which it released "any and all lien or claim or right of lien * * * on account of labor or materials, or both, furnished or *which may be furnished* by the undersigned to or on account of, or for said buildings or premises; and hereby authorize said owner * * * to plead this waiver and release in bar of any suit or suits brought by the undersigned * * * to establish a lien upon said premises * * * or to charge the same with any lien for labor and material done, performed or furnished or delivered * * * *heretofore or at any time hereafter.*" The cross-plaintiff seeks to avoid the effect of this waiver by asserting there was no consideration therefor. This contention cannot be sustained. The undisputed record discloses that on the date this waiver was executed and delivered to defendant's agent, defendant through its financial agent paid $5,000 to the contractor Dupont to whom cross-plaintiff was furnishing materials. The undisputed record is that defendant would not have authorized this payment except on condition of the execution and delivery of cross-plaintiff's waiver of lien. This constitutes ample consideration for the waiver, notwithstanding Dupont did not at this time pay cross-plaintiff anything on his account. It may be unfortunate that cross-plaintiff waived its right to a lien for any and all materials furnished at any time on this job in the manner above noted; but carelessness or inadvertence on the part of one executing a written instrument does not justify courts in decreeing its nullification in whole or in part. We do not think the construction of the waiver above quoted is in any way altered by the subsequent waivers of liens given by cross-plaintiff and accepted by de-

fendant's agent. If once waived, a mechanic's lien cannot be revived in the absence of an express agreement binding upon those whose interests are adversely affected. *Blakeley* v. *Moshier,* 94 Mich. 299. It follows that the portion of the decree of the circuit judge giving cross-plaintiff a lien must be reversed, and the claim of lien denied, with costs of this court to appellant.

WIEST, CLARK, McDONALD, POTTER, SHARPE, and FEAD, JJ., concurred. BUTZEL, C. J., did not sit.