POOLE-DICKIE LUMBER COMPANY v STROTHER

1. MECHANICS' LIENS—WAIVER OF LIEN—VALIDITY OF WAIVER—FAIL-
URE OF CONSIDERATION.
The validity of a waiver of lien voluntarily executed by a materi-
alman in anticipation of receiving full payment of its account
from the proceeds of a check and a promissory note is not
affected by the fact that these instruments proved to be worth-
less.

2. MECHANICS' LIENS—WAIVER OF LIEN—REVIVAL OF LIEN.
A mechanic's lien, once it has been waived, cannot be revived in
the absence of an express agreement binding on the parties
whose interests are adversely affected.

3. MECHANICS' LIENS—MORTGAGES—PRIORITY—STATUTES.
Although no lien claim exists as to a mortgagee who, is neither
the owner, part owner, or lessee of the real estate involved, the
mortgagee is a required defendant in an action to foreclose a
mechanic's lien against the mortgaged property, because if the
lien is valid, it takes priority over the mortgage (MCLA 570.1,
570.9).

Appeal from Oakland, William P. Hampton, J.
Submitted Division 2 March 4, 1975, at Lansing.
(Docket No. 20622.) Decided April 9, 1975.

Complaint by Poole-Dickie Lumber Company
against William and Joyce Strother, National
Bank of Detroit, and others, to foreclose a mechan-
ic's lien. Summary judgment for defendants
Strother and National Bank of Detroit only. Plain-
tiff appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur 2d, Mechanics' Liens §§ 312, 313.
[2] 53 Am Jur 2d, Mechanics' Liens § 310.
[3] 53 Am Jur 2d, Mechanics' Liens §§ 364, 365.

*Clarence G. Carlson,* for plaintiff.

*Bebout, Potere, Cox & Hughes,* for National Bank of Detroit.

*Lawrence M. Loftis,* for William and Joyce Strothers.

Before: QUINN, P. J., and BASHARA and N. J. KAUFMAN, JJ.

QUINN, P. J. This action to foreclose a mechanic's lien by a materialman was disposed of in the trial court as to defendants Strother and National Bank of Detroit by a summary judgment in their favor. The basis for that action was a waiver of lien executed by the plaintiff.

A chronology of the events preceding this action follows:

1. July 26, 1972, plaintiff executed a purchase agreement with Bonar and Bratko by which the former agreed to furnish the latter with building material for a new dwelling on lot 27 of Coach Lamp Hills Subdivision No. 1. The first material was delivered August 9, 1972. The last material was delivered February 7, 1973.

2. December 26, 1972, Bonar and Bratko, Inc. conveyed the premises to defendants Strother by warranty deed. On the same date, the Strothers mortgaged the premises to National Bank of Detroit. On the same date, the Strothers made a substantial payment to the contractor, Bonar and Bratko, and instructed the contractor to pay plaintiff's bill for material.

3. February 12, 1973, plaintiff executed and delivered a waiver of lien to Bratko for the same premises on receipt of a $3,400 promissory note and a $3,400 check both executed by Bratko. Plain-

tiff's account on the Bonar and Bratko purchase agreement was $6,800.

4. Plaintiff determined that the consideration for the waiver was worthless and on April 27, 1973, it called National Bank of Detroit and advised a Mrs. Carrier that the waiver was rescinded. Allegedly, Mrs. Carrier told plaintiff to file a new lien and that plaintiff would be protected from undisbursed funds held by the bank from the Strothers' mortgage.

5. Plaintiff's statement of account and lien dated April 27, 1973, was filed and recorded the same day and a copy was also mailed to National Bank of Detroit that day. On April 27, 1973, a copy of the statement of account and lien was served on Joyce Strother and a copy was left with her for William Strother.

6. Plaintiff filed this action November 26, 1973.

The situation that plaintiff finds itself in was created by plaintiff. It is undisputed that plaintiff executed the waiver of lien voluntarily in anticipation of receiving full payment of its account from the proceeds of Bratko's check and promissory note. That these instruments proved to be worthless is unfortunate for plaintiff, but it should not and does not affect the validity of the waiver of lien. As stated in *Pittsburgh Plate Glass Co v Art Centre Apartments,* 253 Mich 501, 506–507; 235 NW 234, 235 (1931):

"but carelessness or inadvertence on the part of one executing a written instrument does not justify courts in decreeing its nullification in whole or in part. * * * If once waived, a mechanic's lien cannot be revived in the absence of an express agreement binding upon those whose interests are adversely affected."

This record contains no agreement, express or

otherwise, by the Strothers or National Bank of Detroit to revive plaintiff's lien. The fact that the waiver of lien ran to Bratko alone is of no consequence. The waiver described the property as it was described in the sales agreement between plaintiff and Bonar and Bratko, the deed to the Strothers and their mortgage to National Bank of Detroit, and the statement of account and lien filed by plaintiff. There is no question that the waiver applied to the lien plaintiff asserted on the premises of the Strothers.

In its amended complaint, plaintiff pleaded that National Bank of Detroit was estopped from claiming the waiver in defense because of certain statements made by Mrs. Carrier when plaintiff called to advise the bank that the waiver was rescinded. On appeal, plaintiff contends that the estoppel argument applies to the Strothers on the basis of an alleged agency of the bank for the Strothers. No facts were pleaded to establish any agency of National Bank of Detroit for the Strothers beyond the agency of disbursing funds arising from the mortgage. If there is an estoppel, it has no application to the Strothers.

Since National Bank of Detroit is neither the owner, part owner, nor lessee of any part of the real estate involved, no lien claim exists as to it, MCLA 570.1; MSA 26.281. As mortgagee, National Bank of Detroit is a required defendant in the foreclosure of lien action because if the lien is valid, the lien takes priority over the mortgage, MCLA 570.9; MSA 26.289. Having determined that plaintiff waived its lien as to the owners and no lien existed as to them, the estoppel argument as to National Bank of Detroit becomes irrelevant. Any facts that might be material to the estoppel argument are immaterial to decision of plaintiff's foreclosure action on the basis of waiver of lien.

We conclude that summary judgment was properly granted in favor of the Strothers and National Bank of Detroit.

Affirmed with costs to defendants.