WILLIAM MOORS, INC. v PINE LAKE SHOPPING
CENTER, INC. #1

1. MECHANICS' LIENS—STRICT CONSTRUCTION—STATUTES.

The mechanic's lien statute should be strictly construed up to the point where the lien attaches (MCLA 570.1; MSA 26.281).

2. MECHANICS' LIENS—NOTICE—DEFECTS—ESTOPPEL.

A defendant property owner who has not been served with proper notice of a claimed mechanic's lien is estopped in a suit to foreclose the mechanic's lien from objecting to the defect in the notice where the plaintiff's mistake in serving the wrong person with notice is chargeable to the defendant.

Appeal from Oakland, Robert L. Templin, J. Submitted October 6, 1976, at Detroit. (Docket No. 25846.) Decided March 2, 1977.

Complaint by William Moors, Inc., against Pine Lake Shopping Center, Inc., and others to foreclose a mechanic's lien. Louis Pivetta & Son, Inc., was added as a party defendant. Cross-claim by Pivetta against Pine Lake to foreclose a mechanic's lien. Summary judgment for Pine Lake on the cross-claim. Pivetta appeals. Reversed and remanded.

*Barris, Sott, Denn & Driker* (by *Stephen E. Glazek),* for Pine Lake Shopping Center, Inc.

*Wells, Wilmoth, Keating & Nitz, P. C.,* for Louis Pivetta & Son, Inc.

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur 2d, Mechanics' Liens § 23.
[2] 53 Am Jur 2d, Mechanics' Liens § 176.

Before: V. J. BRENNAN, P. J., and BRONSON and BASHARA, JJ.

V. J. BRENNAN, P. J. On March 11, 1974, plaintiff William Moors, Inc., filed a complaint in Oakland County to foreclose a mechanic's lien against defendant, Pine Lake Shopping Center (hereafter Pine Lake), for labor and material provided in construction of a building on Pine Lake's property. By an order of January 22, 1975, defendant Louis Pivetta & Son, Inc. (hereafter Pivetta), was added as a party. Pivetta was subcontractor for Princeton, primary contractor to owner Pine Lake.

On February 10, 1975, Pivetta filed a cross-complaint against Pine Lake in order to foreclose a mechanic's lien claimed by it for furnishing certain masonry, labor and materials used in the erection of a building on Pine Lake's property. We deal only with Pivetta's lien claim in this case.

On March 12, 1975, Pine Lake filed a motion for summary judgment, alleging, first, that Pivetta did not perfect its mechanic's lien due to a failure to serve owner, Pine Lake, with any notice of intent to claim a lien, and, second, that Pivetta failed to serve Pine Lake with any statement of account and lien in accordance with the statute. Pivetta answered, accusing Pine Lake, in concert with Princeton, of fraudulently representing that Princeton was the true owner of the property in question.

Pivetta thus claimed that Pine Lake was estopped from asserting any failure by Pivetta to comply with the statutory requirement for notice. He further answered that proper service was made on Princeton of its statement of account and claim of lien. On September 5, 1975, Oakland County Circuit Judge Robert L. Templin granted Pine Lake's motion for summary judgment.

On appeal, we must decide if the trial court improperly granted summary judgment on the basis of Pivetta's failure to serve Pine Lake with proper statutory notice where Pine Lake's misrepresentation of ownership may well create a valid estoppel.

The statute relating to mechanic's liens in Michigan provides that notice be served on the owner by the party intending to claim a lien, informing the owner of this fact:

"Every person who shall, in pursuance of any contract, express or implied, written or unwritten, existing between himself as contractor, and the owner, part owner or lessee of any interest in real estate, build, alter, improve, repair, erect, ornament or put in, * * * and every person who shall be subcontractor, laborer, or material man, perform any labor or furnish materials * * * shall have a lien * * * upon the entire interest of such owner, * * * to the extent of the right, title and interest of such owner, * * * and also the extent of any subsequent acquired interest of any such owner, * * * such lien for such material or labor or leased equipment so furnished, shall attach to all of said buildings, * * * together with the land * * * Provided, * * * any person, firm or corporation furnishing materials or performing labor of any kind * * * shall within 90 days after furnishing the first of such material or performing the first of such labor * * * serve on the owner * * * personally or by mailing by certified mail, return receipt demanded, * * * a written notice, which notice shall be such as will inform the owner, * * * of the nature of the materials being furnished, or labor being performed, * * * and * * * that such person * * * furnishing materials or performing labor will claim a lien upon such premises for any amounts unpaid for such materials so furnished or labor performed". MCLA 570.1; MSA 26.281.

Decisions of this Court properly recognize that, regarding this particular provision for notice, the

law should be strictly construed to the point when the lien attaches. See *Spartan Asphalt Paving Co v Tri-Cities Construction, Inc,* 68 Mich App 305, 308; 242 NW2d 565 (1976), *Bob Ryan, Inc, v Walker Drywall Co,* 64 Mich App 497, 500; 236 NW2d 115 (1975), *J Altman Companies, Inc v Saginaw Plumbing & Heating Supply Co,* 42 Mich App 747, 750–753; 202 NW2d 707 (1972). One of the judges on the present panel wrote the decisions in *Altman.* We now affirm the principle of strict construction expressed there. We believe that the notice requirement of the statute was clarified and strengthened by the 1929 amendment.[1]

However, we all believe as well that strict compliance with the notice provision does not equate with allowing owners to purposely transform a statutory requirement intended to protect them from unanticipated lien claims into a tool to prevent honest lien claimants from asserting their own statutory rights. We do not feel the law should be interpreted to permit such practice.

Ample precedent prior to 1929 exists to support the principle of estoppel in similar circumstances. *Waters v Johnson,* 134 Mich 436; 96 NW 504 (1903); *Peninsular Stove Co v Crane,* 226 Mich 130; 197 NW 693 (1924).[2] In *Waters,* plaintiff entered

---

[1] "No person shall have a right to claim a lien as in this act provided, *unless and until* he shall have served a notice as in this section provided, and *proof of the service of such notice* shall be attached to the verified statement or account when filed with the registrar of deeds as provided in section five [5] of this act." (Emphasis added.) 1929 PA 264.

[2] In *Peninsular Stove Co v Crane,* defendant building owner contested plaintiff's mechanic's lien for materials and labor furnished to install a heating plant on grounds that the claim was filed against "Haley-Kennedy Company, a partnership" as contractor, rather than the later incorporated entity "Haley-Kennedy Company, a corporation", as contractor. Defendant owner had purchased the building from the contractor, who was deeded the property by Elward, the party for whom the original construction was undertaken. Plaintiff

into a contract with Alva M. Johnson to furnish labor and materials for improving and repairing a house and barn situated on Johnson's property. Defendant Johnson sold the property to defendant Stevenson. In claiming his lien, plaintiff served notice upon defendant Johnson, even though defendant Stevenson had owned the house and barn for more than a month prior to the time the lien was claimed.

The Michigan Supreme Court found that the statute referred to the owner of the property at the point that the claim of lien was made. They found plaintiff had not complied with the statute:

"What, then, are the consequences of misnaming in the claim, and of failing to make service upon, the owner whose property it is sought to take? The statute, in our judgment, imperatively requires that said owner be named in the claim". *Waters v Johnson, supra* at 440.

However, the Court found that when the failure to name the owner was due to the actions of the

completed his work while the construction company was still a partnership. However, by the time he filed his lien, the partnership had subsequently reorganized into a corporation.

The Michigan Supreme Court rejected defendant's argument, stating that defendant was estopped from claiming the distinction between partnership and corporation for purposes of defeating plaintiff's lien:

"When Elward deeded to the construction company it was a copartnership. All title defendant has is from that source. After reorganizing as a corporation the construction company continued business in the same name, completed the building, and conveyed the fee of this property to defendant. Both he and it were estopped from questioning the validity of the lien by reason of the claimed reorganization without actual notice to plaintiff." *Peninsular Stove Co v Crane, supra* at 138.

Though not as similar factually as the *Waters* case, this decision clearly demonstrates the same principle and represents equal authority to employ an estoppel in the present matter.

owner, the owner would not be able to assert this error as a means to defeat a valid lien by plaintiff:

"It follows, therefore, that when the lien claimants proceed against a certain person as the owner, and positively swear in their claim that he is the owner, they will not be permitted to excuse this mistake by pleading ignorance, *unless,* as hereinafter pointed out, *that ignorance is justly chargeable to the owner himself.*" (Emphasis added.) *Id,* at 440.

"We are bound, therefore, in disposing of this case, to determine whether it is possible for complainants to make a case which would excuse the mistakes pointed out. We have already determined that these mistakes would not be excused simply because complainants did not know that defendant Stevenson was the owner of the property. *If, however, defendant Stevenson so conducted herself as to lead complainants to believe that defendant Johnson continued the owner of said property, she would be estopped from taking advantage of their position now.*" (Emphasis added.) *Id,* at 441.

Much the same situation obtains in the present case. Pivetta claims a lien. Pine Lake as owner answers that it was not served with proper notice as required by statute. Pivetta rejoins that it was led by Pine Lake to believe that contractor Princeton was the present owner. The parallel between *Waters* and this matter is obvious; and the conclusion might well be the same—that is, finding a basis for an estoppel. The trial court foreclosed any opportunity to explore the applicability of this recognized defense.

Further, recent authority from this Court has considered an estoppel claim under the mechanic's lien statute. *Poole-Dickie Lumber Co v Strother,* 60 Mich App 321, 324; 230 NW2d 420 (1975). In *Strother,* defendant mortgagee bank had made unauthorized representations leading plaintiff to

believe he still possessed a valid lien claim against both the bank and defendant owner, despite a prior waiver. On appeal, plaintiff argued for estoppel based on an agency relationship between the mortgagee bank and defendant owner. The Court found no estoppel, ruling that agency between the bank and defendant owner was not pleaded at trial and so could not be used to defeat the prior waiver on appeal. Unlike *Strother,* the present matter involved no waiver. Consequently, we believe finding an estoppel here would have been an available legal option for the trial court. We feel it should have considered the possibility.

In *Altman,* we found that sustaining a lien claim did not compromise strict compliance where defendant owner had actual knowledge of plaintiff's lien, even though notice was not personally served on him. *J Altman Companies, Inc v Saginaw Plumbing & Heating Supply Co, supra* at 753. We found no violence there to the statutory intent that owners be protected against lien claims of which they are not adequately aware. We feel that were Pivetta to establish below that Pine Lake had fraudulently conspired with Princeton to deceive Pivetta concerning ownership, the same principle recognized in *Altman* would apply as easily in this case. Nor do we find reason to open a potential avenue of unfair dealing between parties in this already overly complicated area of the law.

Reversed and remanded for proceedings in conformity with this opinion.

BASHARA, J., concurred in the result only.