GENERAL ELECTRIC CORPORATION v R & S HOMES, INC.

1. MECHANICS' LIENS—ENFORCEMENT—PERIOD FOR STARTING ACTION
   —FILING OF STATEMENT OF ACCOUNT—STATUTES.

   Proceedings to enforce a mechanic's lien must be commenced
   within one year after the filing of the statement of account
   with the register of deeds (MCLA 570.9; MSA 26.289).

2. MECHANICS' LIENS—ENFORCEMENT—MORTGAGEE OF PROPERTY SUB-
   JECT TO LIEN—PARTIES—STATUTES.

   A mortgagee of property which is the subject of an action to
   enforce a mechanic's lien must be made a party to the action
   (MCLA 570.10; MSA 26.290).

3. PROCESS—SERVICE OF PROCESS—DISMISSAL OF ACTION—FAILURE TO
   SERVE—TIME PERIOD—NOTICE OF DISMISSAL—COURT RULES.

   A court does not have jurisdiction to set aside an order of
   dismissal of a defendant for failure to serve the defendant
   within 180 days where the motion to set aside the dismissal has
   not been made within 30 days after notice of the order of
   dismissal has been given; this requirement cannot be excused
   on the basis that the notice of dismissal was sent to the
   attorney who signed the original complaint and not to the
   attorney, in the same firm, who signed the amended complaint
   (GCR 1963, 102.6).

4. PROCESS—SERVICE OF PAPERS—SERVICE ON ATTORNEY—MULTIPLE
   ATTORNEYS—COURT RULES.

   Service of papers upon only one of the attorneys representing a
   party or parties is sufficient where two or more attorneys
   represent the same party or parties (GCR 1963, 107.2[2]).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur 2d, Mechanics' Liens § 247.
[2] 53 Am Jur 2d, Mechanics' Liens § 364.
[3] 33 Am Jur 2d, Process § 33.
[4] 7 Am Jur 2d, Attorneys at Law § 120.
[5] 53 Am Jur 2d, Mechanics' Liens § 394.
[6] 9 Am Jur 2d, Bankruptcy § 987.

5. Mechanics' Liens—Summary Judgment—Mortgagee—Mortga-
    gor—Necessary Parties.

Summary judgment in favor of a defendant mortgagee in an
action to enforce a mechanic's lien was proper where the
defendant mortgagor, who was the necessary party to the
action, had been dismissed from the action.

6. Parties—Mechanics' Liens—Bankruptcy—Trustee in Bank-
    ruptcy—Party Defendant—Permission of Bankruptcy
    Court.

Permission from the bankruptcy court is necessary before a
trustee in bankruptcy can be added as a party defendant to an
action to enforce a mechanic's lien against the property of a
bankrupt contractor.

Appeal from Shiawassee, Peter J. Marutiak, J. Submitted January 4, 1977, at Lansing. (Docket No. 28450.) Decided March 31, 1977.

Complaint by General Electric Corporation against R & S Homes, Inc., and First Federal Savings & Loan Association to enforce a mechanic's lien. Summary judgment for defendant First Federal. Plaintiff's motion to add the trustee in bankruptcy for defendant R & S Homes, Inc., as a party defendant was denied. Plaintiff appeals. Affirmed.

*Muller, Muller, Smith & Greenblatt,* for plaintiff.

*Jay M. Terbush, Jr.,* for defendant First Federal Savings & Loan Association.

Before: Danhof, C. J., and Bashara and R. M. Maher, JJ.

Per Curiam. Plaintiff appeals from a judgment and order granting summary judgment in favor of defendant First Federal Savings & Loan and denying plaintiff's motion to add the trustee in bank-

ruptcy for defendant R & S Homes, Inc., as a party defendant.

Plaintiff furnished over $9,000 worth of materials for an apartment building constructed by defendant R & S Homes, Inc. Plaintiff perfected a mechanic's lien on the property by filing a statement of account with the register of deeds within 90 days from the date materials were last delivered. MCLA 570.5; MSA 26.285. This action against R & S Homes and First Federal Savings & Loan, holder of a mortgage on the property, was commenced on May 14, 1974, within one year after filing of the statement of account. MCLA 705.9; MSA 26.289 requires that proceedings to enforce a mechanic's lien be commenced within one year after filing, and MCLA 705.10; MSA 26.290 requires that a mortgagee be made a party to an action to enforce the lien.

Defendant First Federal Savings & Loan was timely served, but defendant R & S Homes, Inc., was not served within the 180-day period for service under GCR 1963, 102.4. As required by GCR 1963, 102.5(1), on November 25, 1974, the clerk of court entered an order of dismissal as to defendant R & S Homes, Inc. On April 30, 1975, plaintiff moved to reinstate R & S Homes, Inc., as a defendant under GCR 1963, 102.6 or to add R & S Homes, Inc., as a party defendant under GCR 1963, 205.

The court properly denied both aspects of the motion. GCR 1963, 102.6 states that a court shall not have jurisdiction to set aside a dismissal entered as to any defendant for failure to serve him within 180 days unless three conditions are met. Only one condition need be discussed, the requirement that the motion to set aside a dismissal be made within 30 days after notice of the order of

dismissal is given. Notice was sent to plaintiff's attorney on November 25, 1974, yet the motion to set aside the dismissal was not made until April 30, 1975. Plaintiff's position, that the condition should be excused because the notice was sent to the attorney who signed the original complaint and not to the attorney, in the same firm, who signed the amended complaint, has no merit. GCR 1963, 107.2(2) states:

"If 2 or more attorneys represent the same party or parties, service of papers upon 1 of such attorneys is sufficient."

GCR 1963, 102.5(2) states that notice of the entry of an order of dismissal is governed by GCR 1963, 107.

The court correctly ruled that GCR 1963, 205(2) did not permit the court to reinstate the dismissed defendant as a party. The sub-rule begins:

"When persons described in sub-rule 205.1 *have not been made parties* and are subject to the jurisdiction of the court, the court shall order them summoned to appear in the action." (Emphasis supplied.)

Judgment in favor of defendant First Federal Savings & Loan was proper, since plaintiff's claim to enforce a mechanic's lien could not proceed without the necessary defendant, R & S Homes, Inc., who had been dismissed from the action. *See Poole-Dickie Lumber Co v Strother,* 60 Mich App 321; 230 NW2d 420 (1975).

The trial court did not err in denying the motion to add the trustee in bankruptcy as a party defendant. R & S Homes, Inc., was adjudicated as bankrupt on August 28, 1975. Permission from the bankruptcy court is necessary to add the trustee

as a party, *In Re Dyer*, 8 F2d 376 (D NJ 1924), *Carpenter v International-Great Northern R Co*, 5 F Supp 768 (SD Tex, 1933), and plaintiff did not present the trial court with such permission.

Affirmed. Costs to defendant.