SMITH v COMMUNITY SERVICE INSURANCE COMPANY

Docket No. 56233. Submitted January 7, 1982, at Grand Rapids.—
   Decided March 19, 1982. Leave to appeal applied for.

   Plaintiff, Nanette Smith, was injured while riding on an inner
   tube being towed on a snow-covered road behind a vehicle
   owned by the plaintiff and insured by defendant, Community
   Service Insurance Company. Plaintiff brought an action seeking
   a declaration that the defendant was liable for payment of
   personal injury protection benefits. The Oceana Circuit Court,
   Terrence R. Thomas, J., held that the injury did not arise "out
   of the ownership, maintenance or use of a motor vehicle as a
   motor vehicle" within the meaning of the no-fault statute and
   denied benefits. Plaintiff appeals. *Held:*

   The standard for determining whether an injury arises out of
   the use of a motor vehicle is that the injury must be foresee-
   ably identifiable with the normal use of the vehicle. In this case
   the motor vehicle was the instrumentality of the injury. The
   fact that the towing of the inner tube may not have been
   contemplated or that it may have been negligent or illegal to
   do so is not a defense to extension of coverage under the no-
   fault act. The causal connection between the injury and the use
   of the vehicle was more than fortuitous, incidental or but for.
   The grant of summary judgment for the defendant was error.

   Reversed.

1. INSURANCE — AUTOMOBILES — PERSONAL INJURY PROTECTION.

   The term "arising out of" the use of a motor vehicle as a motor
   vehicle, as the term is used in the personal injury protection
   provision of the no-fault automobile insurance statute, does not
   necessitate a finding that an injury was directly and proxi-
   mately caused by the use of a vehicle; conversely, it cannot be
   extended to something distinctly remote (MCL 500.3105; MSA
   24.13105).

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 7 Am Jur 2d, Automobile Insurance §§ 194-203, 354.
   Validity and construction of "no-fault" automobile insurance plans.
      42 ALR3d 229.

2. Insurance — Automobiles — Personal Injury Protection.

> An injured person, in order to qualify for personal injury benefits under the no-fault automobile insurance statute, must establish a causal connection between the injury and the use of a motor vehicle, which causal connection must be more than incidental, fortuitous, or but for; the injury must be foreseeably identifiable with the normal use of the vehicle (MCL 500.3105; MSA 24.13105).

*White, Spaniola, Knudsen, Stariha & Potuznik, P.C.* (by *Richard K. Reider),* for plaintiff.

*Cholette, Perkins & Buchanan* (by *Anthony A. Derezinski),* for defendant.

Before: R. B. Burns, P.J., and D. F. Walsh and MacKenzie, JJ.

Per Curiam. Plaintiff is the insured and defendant is the insurer under a policy of no-fault automobile insurance. Plaintiff was injured while riding on an inner tube which was being towed by the insured vehicle. As the vehicle proceeded down the road, the inner tube, attached by a rope, was swerving from side to side. It went up a bank of plowed snow, flipped over, and in the resulting impact plaintiff was injured.

On June 19, 1980, plaintiff filed this action for declaratory relief seeking a determination that defendant was liable to pay personal injury protection (PIP) benefits to her. At issue in this appeal is whether the trial court erred in finding that the injury did not arise "out of the ownership, maintenance or use of a motor vehicle as a motor vehicle", within the meaning of MCL 500.3105; MSA 24.13105. That statute provides:

"Sec. 3105. (1) Under personal protection insurance an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, mainte-

nance or use of a motor vehicle as a motor vehicle, subject to the provisions of this chapter."

The term "arising out of" does not necessitate a finding that the injury was directly and proximately caused by the use of the vehicle. On the other hand, it cannot be extended to something distinctly remote. Each case depends on its own facts. *Williams v Citizens Mutual Ins Co of America,* 94 Mich App 762, 764-765; 290 NW2d 76 (1980).

This Court in *Detroit Automobile Inter-Ins Exchange v Higginbotham,* 95 Mich App 213; 290 NW2d 414 (1980), *lv den* 409 Mich 919 (1980), recently summarized the standard for determining whether an injury arises out of the use of a motor vehicle.

"Cases construing the phrase 'arising out of the * * * use of a motor vehicle' uniformly require that the injured person establish a causal connection between the use of the motor vehicle and the injury. See Anno: *Automobile liability insurance: what are accidents or injuries 'arising out of the ownership, maintenance, or use' of insured vehicle,* 89 ALR2d 150. Such causal connection must be more than incidental, fortuitous or but for. The injury must be foreseeably identifiable with the normal use of the vehicle. *Kangas v Aetna Casualty & Surety Co,* 64 Mich App 1, 17; 235 NW2d 42 (1975)." *DAIIE v Higginbotham, supra,* 222.

This rule has been applied numerous times to deny insurance benefits to a person injured by another person or instrumentality, even though the injury occurred in or near a motor vehicle. *Ciaramitaro v State Farm Ins Co,* 107 Mich App 68; 308 NW2d 661 (1981), *DAIIE v Higginbotham, supra, O'Key v State Farm Mutual Automobile Ins Co,* 89 Mich App 526; 280 NW2d 583 (1979), *lv den*

406 Mich 1014 (1979), *Hamka v Automobile Club of Michigan,* 89 Mich App 644; 280 NW2d 512 (1979), *Kangas v Aetna Casualty & Surety Co,* 64 Mich App 1; 235 NW2d 42 (1975), *Dowdy v Motorland Ins Co,* 97 Mich App 242; 293 NW2d 782 (1980), *Richland Knox Mutual Ins Co v Kallen,* 376 F2d 360 (CA 6, 1967).

In each of the cases denying PIP benefits based on an insufficient causal connection between the injury and the vehicle, the injury was inflicted upon the claimant as a result of some independent force (either a person or an instrumentality). The fact that the injury occurred in or near a motor vehicle was a mere fortuity.

In this case, however, the motor vehicle itself was the instrumentality of the plaintiff's injury. At the time of the accident the vehicle was being driven down a public roadway which is a use which is certainly consistent with its inherent nature and in accordance with its intended purpose. It was being used, therefore, as a motor vehicle and as a motor vehicle would normally be used. The fact that it may not have been contemplated, as the defendant argues, that the operator of a motor vehicle would pull someone in an inner tube over a snow-covered road, or the fact that it may have been negligent or even illegal to do so, is no defense to coverage under the provisions of the no-fault act. The act is certainly intended to compensate for injuries sustained as the direct result of negligent or unexpected use of a motor vehicle so long as the vehicle is being used "as a motor vehicle".

To be entitled to PIP benefits a claimant must establish a causal connection, which is more than fortuitous, incidental or but for, between the use of the motor vehicle and the injury sustained. *DAIIE*

*v Higginbotham, supra.* We find that such a causal connection is established under the facts of this case. An injury which directly results from the force of a motor vehicle which is being driven down a roadway in the normal manner is an injury which arises "out of the * * * operation * * * or use of a motor vehicle as a motor vehicle * * *." The trial court erred in granting summary judgment to the defendant.

Reversed. Costs to appellant.