PACIFIC EMPLOYERS INSURANCE COMPANY v MICHIGAN
MUTUAL INSURANCE COMPANY

Docket No. 146859. Submitted December 8, 1993, at Grand Rapids.
Decided March 21, 1994, at 9:55 A.M. Leave to appeal sought.

Pacific Employers Insurance Company brought an action in the
Ottawa Circuit Court against Michigan Mutual Insurance Com-
pany, State Farm Mutual Automobile Insurance Company,
West Ottawa Public Schools, Gertrude Witteveen, and Jo-
hannes Doolaard in his individual capacity and as conservator
of the estate of Amy Doolaard, a minor, seeking a declaration
of the parties' respective liabilities for injuries Amy sustained
when she was hit by an automobile into whose path she had
run after being let off a West Ottawa Public Schools bus by
driver Witteveen at the wrong stop. At the time of the accident,
West Ottawa Public Schools had three insurance policies: an
automobile policy with State Farm, a general liability policy
with Michigan Mutual, and an umbrella liability policy with
Pacific. Johannes Doolaard had brought a negligence action
against West Ottawa Public Schools and Witteveen. State Farm
and Pacific had defended and settled the claim. In the present
action, the court, Wesley J. Nykamp, J., determined that,
pursuant to the provisions of the Michigan Mutual and State
Farm policies, Michigan Mutual was primarily liable up to its
policy limit for the damages and defense costs associated with
Doolaard's negligence action. Michigan Mutual appealed.

The Court of Appeals *held*:

1. The Michigan Mutual policy is ambiguous in providing
that its policy "does not apply to bodily injury or property
damage arising out of the ownership, maintenance, operation,
use, loading or unloading of any . . . automobile . . . owned,
operated or hired by or for the insured." The trial court
correctly construed the exclusionary provision to not apply to
Amy Doolaard's injuries resulting from Witteveen's negligence
in discharging the child at the wrong stop.

2. The State Farm policy is not ambiguous in providing that
its policy applied only while the insured motor vehicle was,
among other things, used for "the carrying of persons in
connection with school attendance or any school activity of the
school or school district." Amy Doolaard's injuries did not

result from the use of the school bus, as defined in the State Farm policy, but from Witteveen's negligence in discharging the child at the wrong stop.

3. Although State Farm may be estopped from denying liability to West Ottawa Public Schools inasmuch as State Farm failed to assert its rights when it assumed the defense of the negligence action, Michigan Mutual, being a stranger to the insurance contract between State Farm and West Ottawa Public Schools, may not raise such estoppel to avoid its liability.

Affirmed.

*Cholette, Perkins & Buchanan* (by *Robert E. Attmore*), for Pacific Employers Insurance Company.

*Allaben, Massie, Vander Weyden & Timmer* (by *Sam F. Massie, Jr.*), for Michigan Mutual Insurance Company.

*Linsey, Strain & Worsfold, P.C.* (by *Joseph P. VanderVeen*), for State Farm Mutual Automobile Insurance Company.

*Scholten & Fant, P.C.* (by *Timothy J. Bloom*), for West Ottawa Public Schools and Gertrude Witteveen.

Before: MICHAEL J. KELLY, P.J., and CONNOR and A. A. MONTON,* JJ.

MICHAEL J. KELLY, P.J. Michigan Mutual Insurance Company (defendant) appeals as of right a declaratory judgment of the circuit court holding defendant responsible for coverage up to $1 million for damages and defense costs associated with the claims of Johannes Doolaard, individually and as conservator of the estate of Amy Doolaard, a minor, against West Ottawa Public Schools and Gertrude Witteveen. We affirm.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Doolaard's claims arose out of injuries received by five-year-old Amy Doolaard when she was hit by an automobile. On the day of the accident, Amy Doolaard's school bus driver, Witteveen, discharged her at the wrong stop after her first day of kindergarten. Amy walked along the street alone and eventually ran into the path of an oncoming automobile about a half mile away.

At the time of the accident, West Ottawa had three insurance policies: a $500,000 automobile policy with State Farm Mutual Insurance Company; a general liability policy with defendant for $1 million; and an "umbrella" policy with Pacific Employers Insurance Company for $5 million, which was to apply when and if West Ottawa's primary coverage was exhausted. After Doolaard's suit was filed, State Farm and Pacific undertook the defense of West Ottawa and Witteveen and settled the suit. Defendant refused to participate in the defense.

Defendant's policy contained the following provisions:

Exclusions
    This policy does not apply:

                  *    *    *

(b) to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of
    (1) any automobile . . . owned or operated by . . . any insured
Endorsement GL 22 08 01 74
It is agreed with respect to the operation of any college or school by or on behalf of the named insured:

                  *    *    *

4. Transportation of Pupils: With respect to the transportation of students or pupils, exclusions (b) and (e) of the policy are replaced by the following:

The insurance does not apply to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of any . . . automobile . . . owned, operated or hired by or for the insured . . . .

The circuit court correctly determined that this provision was ambiguous in light of the stipulated facts and construed it against defendant. The provision, particularly the words "transportation" and "loading or unloading," can be read narrowly to mean only injuries resulting from the physical carrying and unloading of pupils, e.g., where a child falls during transit or as she alights from a bus, or broadly to include the bus driver's decision to unload a child at the wrong stop, which, in turn, leads the child to wander alone from that stop and into traffic a half mile away. Given the rule that ambiguities in an insurance contract must be construed in favor of the insured and that exclusionary clauses must be strictly construed against the insurer, *Bianchi v Auto Club of Michigan,* 437 Mich 65, 70; 467 NW2d 17 (1991); *Farm Bureau v Stark,* 437 Mich 175, 181; 468 NW2d 498 (1991), we affirm the trial court's narrow interpretation of defendant's policy provision so as to permit coverage for injuries resulting from the bus driver's negligence in discharging Amy Doolaard at the wrong stop.

In contrast, the same ambiguity does not exist in State Farm's policy, which included the following provisions:

Coverage B—Property Damage Liability
To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of
    (A) bodily injury sustained by other persons, and
    (B) property damage,

caused by accident arising out of the ownership, maintenance or use, including loading or unloading, of the owned motor vehicle;

6075.7B School Bus, Church, and Other Approved Bus Use

The insurance applies only while the motor vehicle is used for a "use" shown in the exceptions space on the declaration page and during maintenance, inspection, testing and renovation, subject to:

1. Use

Bus uses are:

A. School Bus Use.

School Bus Use—means the carrying of persons in connection with school attendance or any school activity of the school or school district named in the declaration of this policy.

This provision focuses on the "use" of the school bus as the cause of the covered injury. "Use" is narrowly defined to encompass only those injuries arising from the carrying of persons aboard the bus. Amy Doolaard's injury does not fall within that definition and is therefore not covered by State Farm's policy. In fact, Doolaard's complaint does not even allege negligence in the actual operation of the bus or in the carrying of passengers. Rather, it focuses solely on the bus driver's negligence in discharging Amy Doolaard at the wrong stop.

The duty of an insurer to provide a defense in an underlying tort action depends upon the allegations of the complaint and extends to allegations that "even arguably come within policy coverage." *Allstate Ins Co v Freeman,* 432 Mich 656, 662; 443 NW2d 734 (1989). However, it is the substance rather than the form of the allegations that determines whether a duty to defend exists, and a trial court must focus on the cause of the injury in

making this determination. *Id.* at 662-663. For both defendant's and State Farm's policies, the trial court's analysis was appropriate to determine whether the accident was covered. In light of *Smith v Community Service Ins Co,* 114 Mich App 431, 433; 319 NW2d 358 (1982), and the coverage requirements for automobile policies in MCL 500.3105; MSA 24.13105, which contains phrasing similar to the policy provisions at issue here, the trial court properly determined that no causal connection existed between the "use" or operation of the school bus and Amy Doolaard's injuries. Rather, the cause lay in Witteveen's separate, personal act of discharging Amy Doolaard at the wrong stop. Thus, Amy Doolaard's injuries escape the narrow coverage provision in State Farm's policy but not the exclusionary provision in defendant's policy.

Defendant's estoppel argument is without merit. While it is true that, despite the limited coverage under its policy, State Farm is estopped from denying liability to West Ottawa for failure to assert its rights when it assumed the defense, defendant is a stranger to the insurance contract between State Farm and West Ottawa and cannot take advantage of an estoppel between them. See *Poole-Dickie Lumber Co v Strother,* 60 Mich App 321, 324; 230 NW2d 420 (1975).

We conclude that defendant had a duty to defend the Doolaard suit and assume liability for damages and that State Farm did not. Accordingly, we affirm the order of the circuit court requiring defendant to reimburse State Farm, West Ottawa, Witteveen, and Pacific for monies expended as a result of Doolaard's claims up to defendant's policy limit of $1 million.

Affirmed.